UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SANTIAGO MORALES,

    Plaintiff,

-VS-

U.S. BANK, N.A. d/b/a ELAN FINANCIAL SERVICES,

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Santiago Morales (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, U.S. Bank, N.A. d/b/a Elan Financial Services (hereinafter "Elan" or "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough

1

for them to simply parrot information they receive from entities like Elan, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information, here Elan. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendant transacts business within this District.

9. The Plaintiff is a natural person and resident of the State of Texas, residing in Harris County, Texas.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Elan is a national association with a principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202, and who transacts business within the State of Texas.

12. Elan is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

13. Elan is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. In or about 2012, Plaintiff noticed an Elan account on his consumer reports.

15. Upon information and belief, this Elan account was opened in 2011, while Plaintiff was residing in Honduras.

16. Plaintiff had nothing to do with the opening of the Elan account

17. Plaintiff explained to Elan multiple times that he had nothing to do with this account and that the account was either fraudulently opened or they had Plaintiff mixed up with someone else.

18. In 2015 Plaintiff even hired an attorney to try and get the situation rectified.

19. Elan refused to correct the situation and maintained the account belonged to Plaintiff without actually doing any sort of investigation.

20. In or about June of 2020, the Plaintiff mailed a written dispute letter to Experian concerning the inaccurate reporting of the Elan account.

21. In the aforementioned letter, Plaintiff explained in detail that he had nothing to do with this Elan account.

22. On or about July of 2020, Experian responded to the dispute stating that the Elan account was certified as being accurate.

23. Upon information and belief, Experian notified Elan of Plaintiff's dispute of the account.

24. Upon information and belief, Elan to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

25. Upon information and belief, Elan to this date, has never informed Equifax that Plaintiff is not the responsible party for the alleged debt.

26. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time;
   iii. Higher interest rates;
   iv. Credit Denials; and
   v. Stress, aggravation, and other related impairments to the enjoyment of life.

27. All conditions precedent to the filing of this action have occurred.

## COUNT I
### Violation of the FCRA § 1681s-2(b) by U.S. Bank, N.A. d/b/a Elan Financial Services

28. Plaintiff restates and incorporates his allegations in paragraphs one (1) through twenty-seven (27), including subparts, as if fully set forth herein.

29. Elan is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

4

30. Elan published false information about Plaintiff owing a debt, to Equifax and Experian and through Equifax and Experian to Plaintiff's potential lenders.

31. Elan violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Elan representations to the consumer reporting agencies.

32. Elan violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after Elan had been notified of the dispute and that the information was inaccurate.

33. Elan did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Elan knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Elan would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

34. As a result of Elan's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in obtaining credit because of the inaccurate reporting by Elan.

35. Elan's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, U.S. Bank, N.A. d/b/a Elan Financial Services, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry*
Jason R. Derry
*Pro Hac Vice Pending (FL Bar No.: 0036970)*
Morgan & Morgan Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
JDerry@ForThePeople.com
JKneeland@ForThePeople.com
*Attorney for Plaintiff*